IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TRACEY COBURN,<br><br>    Plaintiff,<br><br>v.<br><br>ATHENS HEART CENTER, P.C.,<br>HEALTH WEALTH SAFE, INC., and<br>DR. SUBODH K. AGRAWAL,<br><br>    Defendants. | Civil Action No.:<br>3:22-cv-69-CAR<br><br><br><br>JURY TRIAL DEMANDED |

## **ORDER OF CONFIDENTIALITY**

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

Before the Court is the Parties' Joint Motion for Order of Confidentiality. The Parties anticipate the exchange of confidential personnel, medical, or financial information, or confidential business records within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and depositions related to such confidential information and records. Therefore, for good cause shown, the Parties' Joint Motion [Doc. 23] is **HEREBY GRANTED**, and the production of confidential information and records, and depositions related to such confidential information and records, shall proceed as follows:

1

1.

Defendants and Plaintiff may designate in writing any document, any portion of any document, any answers to interrogatories, or any documents produced in response to requests for production as "CONFIDENTIAL" material. With regard to documents and answers to interrogatories, such designation shall be made at the time that such answers are served upon the requesting Party or at the time the copies of documents are delivered to the requesting Party or at the time documents are made available for requesting Party's inspection.

2.

Each person to whom confidential material, or data or information obtained, derived, or generated from confidential material, is disclosed or made available, including experts or consultants retained by the Parties, shall first be advised of the existence and the contents of this Order of Confidentiality and shall be bound by its terms and conditions. No such person shall divulge any confidential material, or any data or information obtained, derived or generated from confidential material, to any other person, except as provided herein.

3.

Confidential material, or data and information obtained, derived or generated from confidential material, shall be disclosed only to:

- The Court and Court personnel;
- The Parties' attorneys of record in this action and persons employed in the

- attorneys' offices;
- Defendants;
- Plaintiff;
- Independent experts and consultants retained by the Parties such as medical doctors, statisticians, economists and accountants; and
- Witnesses with whom the Parties' attorneys deem it necessary to discuss such material in the course of the Parties' discovery and/or preparation for trial.

4.

Confidential material or data and information obtained, derived, or generated from confidential material, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

5.

The Parties will act in good faith in designating material as confidential. The above restrictions concerning disclosure shall not apply to documents and to other information that has been made available to the public or which is obtained from sources other than Plaintiff or Defendants.

6.

Nothing contained in this Order of Confidentiality shall be construed as a waiver of the right to object to the subject matter of any request made in this action. This Order shall not be construed as an agreement to produce any document or supply any information and shall not constitute an admission that any designated

material is relevant or act as a waiver of privilege.

7.

Within 30 days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of documents designated as confidential shall be destroyed.

8.

If any confidential material, information or data obtained, derived, or generated there from is sought through discovery from either Party by any other litigant in any other judicial or administrative proceeding, each Party agrees that he will immediately notify the designating Party so as to permit that Party to seek a protective order from the appropriate court.

9.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition: Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall

have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**SO ORDERED** this 23rd day of January, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT